IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES STEMRICH, and** <br> **DANIELLE STEMRICH, his wife,** <br><br> **Plaintiffs** <br><br> v. <br><br> **OLEH ZABIYAKA and** <br> **T.L. TRANSPORT, LLC** <br><br> **Defendants** | : <br> : <br> : **CIVIL NO. 1:12-CV-1409** <br> : <br> : <br> : <br> : <br> : <br> : **JUDGE SYLVIA H. RAMBO** <br> : |

## **M E M O R A N D U M**

In this civil case, Plaintiffs have sued Defendants for injuries allegedly sustained as a result of a motor vehicle accident. Presently before the court is Defendants' motion for a protective order, filed in relation to two Notices of Depositions. For the reasons stated here, Defendants' motion (Doc. 19) will be granted.

**I.      Background**

On July 20, 2012, Plaintiffs James and Danielle Stemrich (collectively, "Plaintiffs") filed a complaint against Defendants, Oleh Zabiyaka ("Zabiyaka") and T.L. Transport, LLC ("T.L. Transport"), pursuant to the court's diversity jurisdiction. (Doc. 1.) Notably, Plaintiffs are residents of the Commonwealth of Pennsylvania (*Id*. at ¶ 3), Zabiyaka is a resident of the State of Michigan (*Id*. at ¶ 6; Doc. 10 at ¶ 6), and T.L. Transport is a Michigan limited liability corporation with a registered office in Michigan (Doc. 1 at ¶ 8; Doc. 10 at ¶ 8).

In their complaint, Plaintiffs allege a cause of action against Zabiyaka based on negligence (Count I), against T.L. Transport based on negligent hiring/

retention/supervision (Count II) and negligent entrustment (Count III), and jointly against Zabiyaka and T.L. Transport based on Loss of Consortium (Count IV). The complaint stems from an alleged motor vehicle accident involving vehicles driven by James Stemrich and Zabiyaka, which occurred on September 28, 2011, within the Middle District of Pennsylvania. As a result of the incident, Plaintiff James Stemrich allegedly sustained serious and permanent injuries. It is further alleged, *inter alia*, that T.L. Transport failed to properly train and/or supervise Zabiyaka. Defendants filed their answer with affirmative defenses on September 18, 2012.

The parties are currently engaged in discovery. On March 11, 2013, Defendants filed a motion for protective order. (Doc. 19.) The motion seeks relief related to the location of the depositions of Zabiyaka and Anna Humenick,[1] the subject matter of the depositions,[2] and the facial invalidity of the notices. Plaintiffs filed a response in opposition on March 14, 2013. (Doc. 22.) Because the court will grant the motion on the basis of location, it need not reach the remaining arguments.[3]

---

[1] Anna Humenuck is a corporate designee of T.L. Transport. For purposes of clarity, Anna Humenuck and Zabiyaka will be jointly referenced as "Defendants."

[2] Defendants object to the propriety of their being deposed on certain subject areas as outlined in the Notice. Specifically, Defendants object to Plaintiffs eliciting testimony from Anna Humenuck regarding: (a) T.L. Transport's investigation of the subject collision; (b) The relationship between Defendant Zabiyaka and Defendant T.L. Transport; (c) Defendant Zabiyaka's driving history; (d) The corporate structure and governance of T.L. Transport; (e) The safety and collision history of T.L. Transport and its tractor trailer unit drivers; (f) T.L. Transport's policies, procedures and programs regarding driver safety; (g) T.L. Transport's policies, procedures and programs regarding accident prevention; (h) T.L. Transport's policies, procedures and programs regarding driver training; (i) T.L. Transport's policies, procedures and programs regarding log book completion, maintenance and retention; (j) T.L. Transport's policies, procedures and programs regarding investigations and reviews of motor vehicle accidents involving its drivers; (k) Any/All safety programs used, offered, or made available by T.L. Transport to their drivers, customers, lessees, and independent contractors; and (l) T.L. Transport's safety committees and accident prevention training, courses, and literature. (Doc. 19.)

[3] Although the court does not reach Defendants' subject matter-based objections to the
(continued...)

## II.        Legal Standard

It is axiomatic that a trial court has broad discretion to fashion discovery orders. *See Hayes v. Am. Int'l Grp.*, Civ. No. 09-CV-2874, 2013 WL 718656, *2 (E.D. Pa. Feb. 26, 2013) (citing *Florsheim Shoe Co., Div. of Interco, Inc. v. United States*, 744 F.2d 787, 797 (Fed. Cir. 1984) ("Questions of the scope and conduct of discovery are, of course, committed to the discretion of the trial court."). In the Third Circuit, it is well recognized that the federal rules establish a "fairly liberal discovery policy." *Moyer v. Berdanier*, Civ. No. 11-CV-1811, 2013 WL 704483, *2 (M.D. Pa. Feb. 26, 2013). The Federal Rules of Civil Procedure allow discovery on any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). However, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978); *see also Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Motions for protective orders are governed by Rule 26(c) of the Federal Rules of Civil Procedure, which provides, in pertinent part, that "[a] party or person from whom discovery is sought may move for a protective order" and that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . specifying terms, including time and place, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B).

---

[3](...continued)
depositions, it does note that the liberal discovery rules do not appear, on their face, to preclude examination regarding many of the noticed subject areas. Defendants are, of course, permitted to object to areas they think are inappropriate, pursuant to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 30(c)(2).

3

If the person to be deposed is a party to the action, a subpoena is not required and the notice is sufficient to require his or her attendance. *See* 7 Wright, et al.. Federal Practice & Procedure, § 2107 (3d ed. 2009); *see also Langsam-Borenstein P'Ship v. NOC Enters., Inc.*, 137 F.R.D. 217, 218 n. 4 (E.D. Pa. 1990). Thus, the examining party may generally set the place for the deposition of another party where he or she wishes, subject to the power of the court to grant a protective order under Rule 26(c)(1)(B) designating a different place. 7 Wright et al. Federal practice & Procedure, § 2122. A corporation may be examined through the deposition testimony of its officers, directors, or managing agents. Fed. R. Civ. P. 30(b)(6); *Phila Indem. Ins. Co. v. Fed. Ins. Co.*, 215 F.R.D. 492, 493 (E.D. Pa. 2003). Pennsylvania courts follow the general rule that depositions of corporate agents and officers should ordinarily be taken at the corporation's principal place of business. *See, e.g., Bro-Tech Corp. v. Thermax, Inc.*, Civ. No. 02-CV-2330, 2006 WL 3337496, *2 (E.D. Pa. Nov. 16, 2006); *Triple Crown Am., Inc. v. Biosynth AG*, Civ. No. 96-CV-7476, 1998 WL 227886, *3 (E.D. Pa. Apr. 30, 1998). If a location other than the corporate place of business is proposed by the party seeking the deposition, and the corporation files a timely objection, a protective order should be granted unless there are unusual circumstances which would justify allowing the deposition to proceed at the place suggested by the deposing party. *Luther v. Kia Motors Am., Inc.*, Civ. No. 08-CV-0386, 2009 WL 1727909, *3 (W.D. Pa. June 18, 2009)

**III.** **Discussion**

In their motion, Defendants contend that they each have been served with a notice of deposition to take place in Harrisburg, Dauphin County, Pennsylvania. Furthermore, they contend that they do not routinely travel to or conduct business in Harrisburg, and that they would incur great inconvenience and cost of travel and lodging if required to attend the depositions in Harrisburg. (Doc. 19.) Essentially, the issue is whether it is unduly burdensome for Defendants to be required to be deposed nearly 500 miles away from their residences or where they work. Plaintiffs contend that they are entitled to depose Defendants within the Middle District of Pennsylvania, as the collision giving rise to the instant legal dispute occurred within the boundaries of the Middle District of Pennsylvania, and that, "while there is a general presumption that depositions of a corporate defendants [sic] should be taken at its principal place of business, there remains a competing presumption that a party may unilaterally select the time, place and location of their opponents' deposition." (Doc. 22 at p. 5 of 14.)

The court concludes that requiring Defendants to travel to the Middle District of Pennsylvania for a deposition would create an undue burden. Based on the filing of this motion, it appears clear that the incident giving rise to the dispute occurred in the Middle District of Pennsylvania and that the case was properly filed here. However, there exists different considerations as to the propriety of filing suit[4]

---

[4] The general venue provision of the U.S. Code provides:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may

(continued...)

in the Middle District of Pennsylvania and requiring Defendants to travel to the Middle District of Pennsylvania to be deposed. Plaintiffs have voluntarily brought this action, and seek to depose Defendants. Defendants, on the other hand, have been forced into this action and are not the parties seeking to conduct the deposition. Furthermore, the court notes that the travel distance militates in favor of not requiring Defendants to travel to Harrisburg.

      Significantly, the court must note that Plaintiffs are free to depose Defendants by video-teleconference, a course of action Defendants apparently suggested to Plaintiffs prior to their filing the instant motion. (*See* Doc. 19 at ¶ 7.) A video-teleconference deposition would not require either party to travel. Although Plaintiffs argue that this course of action would not permit Plaintiffs' counsel to observe Defendants' demeanor when answering questions, and would inhibit Plaintiffs' counsel's ability to evaluate "those non-verbal responses that can only be appreciated by close quarter, face to face, in person examination"[5] (Doc. 22 at p. 7 of 14), this hardly constitutes sufficient justification to force Defendants to travel to Harrisburg. *See Loughin v. Occidental Chem. Corp.*, 234 F.R.D. 75, 77 (E.D. Pa. 2005) (noting that a desire to depose an individual in person simply to observe his or

---

[4] (...continued)
otherwise be brought.

28 U.S.C. § 1391. The complaint alleges the events giving rise to the claims occurred within the Middle District of Pennsylvania.

[5] Although the court agrees with Plaintiff that the "2-dimensional view of the deponent" may limit the examining attorney's ability to, *inter alia*, "referee cues/suggestions being made from off camera" (Doc. 22 at p. 7 of 14), the court is hard-pressed to conclude that Defendants' counsel would act in any way other than professional during a video-teleconference deposition. Moreover, there is no reason why the video cannot be set up in such a manner that both Defendants and their counsel appear on the screen.

her demeanor, without more, does not amount to good cause for denying a request to conduct a telephonic deposition); *Mikola v. Penn Lyon Homes, Inc.*, Civ. No. 07-CV-0612, 2008 WL 2050807, *1 (M.D. Pa. May 13, 2008) (noting that the counsel's desire to observe deponent's demeanor when answering questions did not justify requiring the deponent to travel more than 230 miles for deposition). If observing Defendants' non-verbal responses and the environment is so pivotal, Plaintiffs' counsel may travel to Michigan to conduct the deposition, or arrange for the deposition to be conducted by video conference. *See Laughin*, 234 F.R.D. at 77 n.3 (noting that a party can cure any prejudice they claim from failing to observe the deponent's demeanor by traveling to the deponent).

Moreover, the court sees no reason to depart from the general acceptance that a corporation, through its designee, be deposed at a location within its principal place of business. *See* Fed. R. Civ. P. 30(b)(6); *see also supra* Part II. Therefore, because it finds that requiring Defendants to travel from Michigan to Harrisburg, Pennsylvania, for the purpose of attending a deposition imposes an undue burden upon Defendants, the court will grant Defendants' motion for protective order. If Plaintiffs wish depose Defendants, Plaintiffs are ordered to either notice the deposition for a location in the Eastern District of Michigan or within 25 miles of its border, or to agree to conduct the deposition by video-teleconference.[6]

---

[6] Plaintiffs' counsel indicates that they are "aware of no law or directive providing for depositions by video conference without mutual agreement" and accordingly "respectfully request that this option be discarded." The court directs Plaintiffs' attention to Rule 30(b)(4) ("The parties may stipulate–or the court may on motion order–that a deposition be taken by telephone or other remote means."). To be clear, the court's decision on Defendants' motion should not be interpreted as requiring Plaintiffs' counsel to engage in a video-teleconference deposition. However, rather than discarding the option, Plaintiffs' counsel may want to reconsider the benefits of such technology rather than traveling nearly 500 miles to depose Defendants in person.

**IV.**         **<u>Conclusion</u>**

  Based on the foregoing, the court concludes that requiring Defendants to travel from Michigan to Harrisburg, Pennsylvania, to be deposed imposes an undue burden, and because such a burden can easily be cured, Defendants' motion will be granted.

                 <u>s/Sylvia H. Rambo   </u>
                 United States District Judge

Dated: March 18, 2013.