IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES STEMRICH, and** | : | |
| **DANIELLE STEMRICH, his wife,** | : | |
| | : | **Civil No. 1:12-CV-1409** |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **OLEH ZABIYAKA and** | : | |
| **T.L. TRANSPORT, LLC** | : | |
| | : | **Judge Sylvia H. Rambo** |
| **Defendants** | : | |

**M E M O R A N D U M**

In this civil action invoking this court's diversity jurisdiction, Plaintiffs
have sued Defendants for injuries allegedly sustained as a result of a motor vehicle
accident. Presently before the court is Plaintiffs' motion for leave to amend their
complaint. For the reasons stated herein, Plaintiff's motion (Doc. 29) will be
granted.


I. **Background**

On July 20, 2012, Plaintiffs James and Danielle Stemrich (collectively
"Plaintiffs"), both residents of the Commonwealth of Pennsylvania, filed a complaint
against Defendants, Oleh Zabiyaka ("Zabiyaka"), a resident of the State of Michigan,
and T.L. Transport, LLC ("T.L. Transport"), a limited liability corporation with a
registered office in the State of Michigan. (Doc. 1.) The complaint, as originally
pleaded, alleged a cause of action against Zabiyaka based on negligence (Count I),
against T.L. Transport based on negligent hiring/retention/ supervision (Count II)
and negligent entrustment (Count III), and jointly against Zabiyaka and T.L.
Transport based on loss of consortium (Count IV). (*See id.*) The action arises from a
September 28, 2011 motor vehicle accident, during which a tractor trailer driven by

Zabiyaka collided with an automobile driven by James Stemrich within the Middle District of Pennsylvania. As a result of the incident, Plaintiff James Stemrich allegedly sustained serious and permanent injures. As to the claim directly against T.L. Transport, it is alleged, *inter alia*, that T.L. Transport failed to properly train and/or supervise Zabiyaka. Defendants filed their answer with affirmative defenses on September 18, 2012. (Doc. 10.)

On February 18, 2013, the parties filed a joint case management plan, which set forth certain proposed deadlines. Following a case management conference with counsel on February 26, 2013, the court entered a case management order, which set forth the following deadlines pertinent to the instant motion:

| | |
|---|---|
| Amendment of Pleadings | February 28, 2013 |
| Fact Discovery Deadlines | July 1, 2013 |
| Plaintiffs' Expert Report(s) | July 15, 2013 |
| Defendants' Expert Reports | July 31, 2013 |
| Supplemental Expert Reports | August 30, 2013 |

(Doc. 17.)

On March 11, 2013, Defendants filed a motion for protective order related to, *inter alia*, the location of depositions of Defendants. (Doc. 19.) On March 18, 2013, the court granted the protective order, finding that requiring Defendants to travel to the Middle District of Pennsylvania for a deposition would create an undue burden. (Doc. 23.) In the memorandum accompanying the protective order, the court noted that Plaintiffs were free to depose Defendants by video-teleconference. (Docs 23 & 24.) Apparently, Plaintiffs deposed Defendants in person in Warren, Michigan, on May 14, 2013. (*See* Doc. 30, p. 2 n.1.)

Shortly thereafter, Plaintiffs submitted Defendants' depositions to Walter Guntharp, Jr., who they offer is a trucking safety expert. (*See* Doc. 29, ¶ 4.) On June 12, 2013, Mr. Guntharp produced an expert report detailing his analysis, findings, and conclusions, which included, *inter alia*, a professional opinion that both Defendants violated numerous trucking regulations and that the manner in which Zabiyaka operated his tractor trailer "represented a reckless disregard for the safety of [James] Stemrich and everyone else on the highway." (Doc. 29-2, p. 8 of 8.) This opinion forms the basis for the proposed amendments to the complaint.

Interestingly, on June 24, 2013, Defendants filed a motion for enlargement of time, seeking to extend case management deadlines by 65 days. (Docs. 25 & 26.) The basis for the request was that Defendants wished additional time to respond to Mr. Guntharp's expert report, which had been produced to the defense on June 18, 2013. (Doc. 26, ¶¶ 4, 7.) The court denied the motion, finding that Plaintiffs' June 18, 2013 disclosure of their safety expert report was within the July 15, 2013 deadline for Plaintiffs' Expert Reports, as set by the case management order. (Doc. 28.) The court further concluded that Defendants had received the report in sufficient time to have a defense expert respond by the July 31, 2013 deadline for defense expert reports. (*Id.*)

Plaintiffs filed the instant motion for leave to amend the complaint (Doc. 29) and brief in support (Doc. 30) on June 26, 2013. The following day, Defendants filed a brief in opposition. (Doc. 31.) On July 2, 2013, Plaintiff filed a reply. (Doc. 32.) The matter has been fully briefed and is ripe for disposition.

**II.**       **Discussion**

      The proposed amended complaint neither adds causes of actions nor parties; rather, the proposed amendments relate to a claim for punitive damages in the *ad damnum* clauses, and factual allegations in support thereof to be inserted throughout the complaint. (*See generally* Doc. 29-6.) Plaintiffs reason that leave should be given because it was only after Mr. Guntharp's report did Plaintiffs realize they had the necessary factual predicate to pursue a claim for punitive damages. (*See* Doc. 30, p. 7.) Defendants oppose Plaintiffs' motion to amend on the basis that Plaintiffs have failed to demonstrate good cause required under Rule 16(b). (Doc. 31, p. 3.) Furthermore, Defendants contend that an amendment at this stage of the litigation "would create unfair prejudice to Defendants because [they] would not have the ability to use new witnesses and other evidence to disprove new allegations in regard to the Amendment." (*Id.* at p. 4.)

      **A.**     **Legal Standard**

      Jurisdiction of this court in the case at bar is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). The underlying claims are based on Pennsylvania law; therefore, Pennsylvania substantive law will determine whether punitive damages will be permitted in this case. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *accord Burke v. TransAm Trucking, Inc.*, 605 F. Supp. 2d 647, 650-51 (M.D. Pa. 2009).

      **1.**   **Motions to Amend**

      Because Plaintiffs' motion for leave to amend was filed after the February 28, 2013 deadline for filing amended pleadings expired, the court must consider the request to amend in light of both Rule 15(a) and Rule 16(b). Generally,

motions to amend pleadings are governed by Federal Rule of Civil Procedure 15(a), which, except in some circumstances not present here, requires a party to obtain leave of court or written consent of the adverse party to amend a pleading. Rule 15(a) specifically states that the court should freely grant such a motion "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit recognizes that motions to amend which operate to change the scheduling order are controlled by Rule 16(b). *See E. Minerals & Chem. Co. v. Mahan*, 225 F.3d 330, 339-40 (3d Cir. 2000). Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b). Thus, due to the posture of this case, the Rule 15 standard must be balanced against the Rule 16 standard.

Under either rule, it is within the district court's discretion to grant or deny a motion to amend, and a court is justified in denying a motion to amend on grounds of undue delay, bad faith, dilatory motive, prejudice, or futility. *See USX Corp. v. Barnhart*, 395 F.3d 161, 166 (3d Cir. 2004). As the Third Circuit has explained:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The Third Circuit has interpreted these factors to mean that "prejudice to the non-moving party is the touchstone for the denial of an amendment." *Id*. at 1414 (quoting *Cornell & Co., Inc. v. Occupational Safety &*

5

*Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).  With specific respect to delay, the court notes that "[t]he passage of time, without more, does not require a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party."  *J.E. Mamiye & Sons, Inc. v. Fidelity Bank*, 813 F.2d 610, 614 (3d Cir. 1987) (quoting *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)).

## 2.  <u>Punitive Damages</u>

In Pennsylvania, the *ad damnum* clause of a complaint may be amended to include a claim for punitive damages, provided that the complaint demonstrates a basis for such damages.  *Dep't of Transp. v. Pa. Indus. for the Blind & Handicapped*, 886 A.2d 706, 715 (Pa. Commw. Ct. 2005).  Such an amendment is allowed because "[t]he right to punitive damages is a mere incident to a cause of action – an element which the jury may consider in making its determination – and not the subject of an action in itself."  *Daley v. John Wanamaker, Inc.*, 464 A.2d 355, 360 (Pa. Super. Ct. 1985) (quoting *Hilbert v. Roth*, 149 A.2d 648, 652 (Pa. 1959)).  In *Hutchinson v. Luddy*, the Pennsylvania Supreme Court explained the standard for an award of punitive damages:

> The standard governing the award of punitive damages in Pennsylvania is settled.  Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others.  As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct.  The purpose of punitive damages is to punish a tortfeasor for outrageous conduct and to deter him or others like him from similar

6

conduct. Additionally, this Court has stressed that, when assessing the propriety of the imposition of punitive damages, [t]he state of mind of the actor is vital. The act, or failure to act, must be intentional, reckless or malicious.

\* \* \*

Thus, in Pennsylvania, a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) [the defendant] acted, or failed to act, as the case may be, in conscious disregard of that risk.

870 A.2d 766, 770-72 (Pa. 2005) (internal quotations and citations omitted). Courts in this District have held that an experienced driver of a tractor trailer could be found to have consciously appreciated the risk he created by driving in the manner he did that caused a plaintiff's injuries. *See, e.g., Burke*, 605 F. Supp. 2d 647, 652-53 (M.D. Pa. 2009); *Sabo v. Suarez*, Civ. No. 08-cv-1889, 2009 WL 2365969, \*2-3 (M.D. Pa. July 31, 2009); *Gregory v. Sewell*, Civ. No. 04-cv-2438, 2006 WL 2707405, \*12-13 (M.D. Pa. Sept. 19, 2006).

### B.  Application

The proposed amended complaint contains factual allegations that may sustain an award of punitive damages. The complaint, as supported by the report of Mr. Guntharp, includes allegations and conclusions that both Zabiyaka, as the driver, and T.L. Transport, as the employer, violated numerous trucking industry safety standards and practices, and that Zabiyaka operated the tractor trailer with a reckless indifference for the rights and safety of others. Thus, the court cannot definitively find that an amendment to add punitive damages would be futile. Furthermore, the statute of limitations has not yet run on the underlying claims. *See* 42 Pa. C.S. §

5524 (providing a two-year statute of limitations to negligence actions); *accord Ormsby v. Luzerne Cnty. Dep't of Pub. Welfare Office of Human Servs.*, 149 F. App'x 60, 62 (3d Cir. 2005) (applying two-year statute of limitations to claim for negligent supervision); *Deleski v. Raymark Indus., Inc.*, 819 F.2d 377, 380 n.4 (3d Cir. 1987) ("[T]he limitations period for loss of consortium claims is coextensive with the limitations period for the underlying injury to the spouse. . . .").

Nevertheless, the court may withhold leave to amend when the passage of time creates an unwarranted burden on the court or unfair prejudice on the non-moving party. Initially, the court would be remiss not to admonish Plaintiffs' belated request to amend the complaint. The deadline for amending the complaint expired nearly four months ago. As Plaintiffs acknowledge, such a deadline was adopted by the court from the suggestion of the parties. Although Plaintiffs' counsel properly takes responsibility for his failure to account for a necessity to amend the complaint, the delayed motion requests the court to extend numerous deadlines in this case, which negatively impacts not only the parties' timelines, but the court's as well. Counsel must appreciate the volume of the court's docket, and that the efficient and effective administration thereof requires all parties to adhere to the deadlines set by the court–especially when they are adopted from suggestions of counsel.

The court has already concluded that, based on the proposed amended complaint, Plaintiffs may have a cognizable claim for punitive damages. Moreover, Defendants do not set forth a declared reason to substantiate their claim as to how an amendment would cause them to suffer unfair prejudice. Indeed, any prejudice caused by the amendment can be cured by extending the discovery deadlines, which

8

was precisely what Defendants requested the court do in their June 25, 2013 motion. (Doc. 26.) Furthermore, denying the motion to amend on the basis of mere delay would unfairly prejudice Plaintiffs for their counsel's oversight in proposing deadlines. Thus, the court is satisfied Plaintiffs have established good cause, and Defendants have not articulated any reason sufficient to deny Plaintiffs' motion for leave to file an amended complaint.[1] Lastly, the court finds that good cause exists to warrant a sixty-day extension of the existing case management deadlines. Accordingly, a new case management order will be entered.

## III.        Conclusion

Because the court cannot conclude with certainty at this stage of the proceedings that Plaintiffs' claim for punitive damages is futile, and because it is not apparent the amended complaint will cause undue prejudice to Defendants, the court will grant Plaintiffs' motion and grant Plaintiffs leave to submit the amended complaint. Counsel are encouraged to abide by the deadlines set forth in the forthcoming amended case management order and requirements set forth in the Middle District of Pennsylvania Local Rules of Court and Federal Rules of Civil Procedure.

An appropriate order will issue.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: July 2, 2013.

---

[1] Defendants request that, if the court grants Plaintiffs leave to amend their complaint, the court "require Plaintiffs to pay for costs caused by the Amendment." (Doc. 31, p. 5.) The court finds such an imposition to be unwarranted by the circumstances and declines to grant Defendants' request in this regard.