IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES STEMRICH, and**<br>**DANIELLE STEMRICH, his wife,**<br><br>    **Plaintiffs**<br><br>    v.<br><br>**OLEH ZABIYAKA and**<br>**T.L. TRANSPORT, LLC**<br><br>    **Defendants** | **Civil No. 1:12-CV-1409**<br><br><br><br>**Judge Sylvia H. Rambo** |

# **M E M O R A N D U M**

In this civil action invoking this court's diversity jurisdiction, Plaintiffs have sued Defendants for injuries allegedly sustained as a result of a motor vehicle accident. Presently before the court is Plaintiffs' motion to compel production of Plaintiffs' initial disclosures. For the reasons stated herein, Plaintiff's motion (Doc. 42) will be granted.

## I.    **Background**[1]

Plaintiffs filed a complaint against Defendant Zabiyaka sounding in negligence (Count I), Defendant T.L. Transport sounding in negligent hiring/retention/supervision (Count II) and negligent entrustment (Count III), and jointly against both defendants sounding in loss of consortium (Count IV). (Doc. 1, Compl., *as amended*, Doc. 37, Am. Compl.) Plaintiffs claim both special and general compensatory damages, as well as punitive damages. (Doc. 37.) The parties are currently engaged in fact discovery, which is set to conclude on September 3, 2013. (*See* Doc. 36.)

---

[1] Because the court writes primarily for the parties, it will only outline the background essential to this memorandum.

On August 2, 2013, Defendants' filed the instant motion to compel production of Plaintiffs' initial disclosures, in which Defendants request the court to compel Plaintiffs to produce a computation of each category of damages they claim. (Doc. 42.) Specifically, Defendants allege that Plaintiffs failed to adequately produce a detailed computation of damages, which they contend is in violation of Rule 26(a)(1)(A)(iii). Plaintiffs filed a brief in opposition on August 9, 2013. (Doc. 45.) In their response, Plaintiffs represent that a more specific computation of damages is not yet available, but will be produced upon their receipt of expert reports. Plaintiffs further represent that the materials upon which the experts will rely, *i.e.*, medical bills, have been previously disclosed to the defense.

**II.** **Discussion**

Pursuant to the pertinent provision of Rule 26, a party must, without awaiting a discovery request, provide to the other party:

> a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

Fed. R. Civ. P. 26(a)(1)(A)(iii). At issue here is the degree of specificity a plaintiff must provide in the initial disclosures. Disposition of this issue will turn largely on the meaning of the word "computation."

Courts have understood the word to require a "specific computation of a plaintiff's damages." *Kleiner v. Burns*, Civ. No. 00-cv-2160, 2000 WL 1909470, *2 (D. Kan. Dec. 22, 2000). This specific computation certainly requires a disclosure of

evidentiary material upon which the category of damages is based, including materials bearing on the nature and extent of the injuries suffered. *Gomez v. Markley*, Civ. No. 07-cv-0868, 2011 WL 112886, *2 (E.D. Pa. Jan. 13, 2011) ("[T]o fulfill the initial disclosure requirement, a party must provide a computation supported by documents."). With this in mind, simply reciting a dollar figure clearly is not enough. *See id*; *see also Doggett v. Perez*, Civ. No. 02-cv-0282, 2004 WL 2939600, *5 (E.D. Wash. Mar. 4, 2004) ("A plaintiff is to provide more than a lump sum statement of damages sustained."); *First Nat'l Bank of Chi. v. Ackerley Commc'ns, Inc.*, No. 94-cv-7539, 2001 WL 15693, *6 n. 6 (S.D.N.Y. Jan. 8, 2001) ("A discovery request calling for the calculation of damages requires more than merely setting forth the figure demanded."). In other words, the disclosures must be sufficiently specific that the opposing party has some basis to calculate the damages claimed against it. 6 James W. Moore, et al., *Moore's Federal Practice* § 15.02 (3d ed. 2010) (hereinafter "Moore, §__").

The computation requires at least some analysis. *See Szusterman v. Amoco Oil Co.*, 112 F. App'x 130, 131 (3d Cir. 2004); *see also City & Cnty. of S.F. v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003). The Rule does not place a great burden on the plaintiff. Rather, "[a]ll the claimant needs to do is sit down and calculate the damages that are claimed." *Dixon v. Bankhead*, Civ. No. 00-cv-0344, 2000 WL 33175440, *1 (N.D. Fla. Dec. 20, 2000). Then, the plaintiff needs only to disclose what those damages are and how they were calculated. *See Tutor-Saliba*, 218 F.R.D. at 221; *see also Szusterman*, 112 F. App'x at 131 (affirming district court's preclusion of the plaintiff's damages and subsequent grant

of summary judgment for the defendant because the plaintiff "did not furnish any facts or methodology based on which he calculated his alleged damages.").

Put succinctly, the plaintiff needs to provide the defendant with an initial estimate as to his claimed damages, and at least "some analysis" of how the relevant facts lead to that dollar figure. *See Szusterman*, 112 F. App'x at 131. Again, this is not such an onerous task. The plaintiff must merely disclose "the best information available" concerning the claim, however limited and potentially changing it may be. Moore, §15.02; *see* Fed. R. Civ. P. 26(a)(1)(E) ("A party must make its initial disclosures based on the information then reasonably available to it [and] is not excused from making its disclosures because it has not fully investigated the case."); *see also* Fed. R. Civ. P. 26(e) (obligating a party to continually supplement initial disclosures throughout the discovery process).

Likewise, the timing requirements of Rule 26(a)(1)(C) cannot be avoided if the receiving party insists on compliance. Fed. R. Civ. P. 26(a)(1)(C) (permitting alteration to the timing requirements for initial disclosures only by stipulation of the parties or court order). Here, Defendants so insist. As such, Plaintiffs must disclose the "best information available related to the damages claim," even if that information is subject to change. *See* Moore, § 15.02.

In the parties' joint case management plan, filed February 18, 2013, Plaintiffs represented that "[t]he undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule." (*See* Doc. 15, ¶ 2.0.) Rule 26(a)(1) requires, *inter alia*, disclosure of "a computation of each category of damages claimed by the disclosing party . . . on which each computation is based, including

4

materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). Plaintiffs' initial disclosures, served upon Defendants on September 27, 2012, provided that "[a] computation of damages claimed by the disclosing party will be provided." (Doc. 42-2, ¶ II.3.) To date, Plaintiffs have not provided such a computation. Although counsel represented to the court that Plaintiffs' medical bills have been disclosed to Defendants (*see, e.g.,* Doc. 45, p. 2 of 15 ("[Plaintiffs] have provided Defendants with exact copies of all documents necessary to compute, analyze, value, and quantify Plaintiffs' past economic harms"), that disclosure fails to provide an adequate *computation* for the damages sought, especially in light of Plaintiffs' broad claim for judgement.[2]

---

[2] Specifically, in each *ad damnum* clause for each count in Plaintiffs' complaint, Plaintiffs request damages "in an amount in excess of $75,000":

> WHEREFORE, Plaintiff, James Stemrich, respectfully requests that this Honorable Court enter judgment in his favor and against [Defendants] in an amount in excess of $75,000, exclusive of interest and costs and in excess of any jurisdictional amount requiring compulsory arbitration. Plaintiff James Stemrich requests judgment awarding exemplary/punitive damages as a result of [Defendants]' conscious, reckless, and/or willful disregard for Mr. Stemrich's rights and safety as a motorist lawfully operating a motor vehicle on an interstate highway and as a result of [Defendants]' conscious, reckless and/or willful disregard for the Federal Motor Carrier Safety Regulations directly and proximately causing Mr. Stemrich's injuries and damages complained of herein.

(*See, e.g,* Doc. 37, Count III.) Plaintiff, Danielle Stemrich, requests similar relief in the *ad damnum* clause as to her claim against Defendants:

> WHEREFORE, Plaintiff, Danielle Stemrich, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant[s] in an amount in excess of $75,000, exclusive of interest and costs and in excess of any jurisdictional amount requiring compulsory arbitration. Plaintiff Danielle Stemrich requests judgment awarding exemplary/punitive damages as a result of [Defendants'] conscious, reckless, and/or willful disregard for the rights and safety of her husband, James Stemrich, as a motorist lawfully operating a motor vehicle on an interstate highway. Danielle Stemrich requests an award of punitive damages as a result of [Defendants'] conscious, reckless and/or willful

(continued...)

Plaintiffs represent that a more specific disclosure will be provided following a review of the case by Plaintiffs' expert, presumably to avoid a duplicitous review of damages claims by submitting an original computation followed by an amendment to the computation following their expert's review. (*See* Doc. 45, p. 3 of 15.) Nevertheless, the Rule explicitly contemplates such a procedure by placing an affirmative obligation for a party to initially disclose information available to him and subsequently update the information as it becomes available. *See* Fed. R. Civ. P. 26(e)(1).

Moreover, the court will not accept that Plaintiffs have absolutely no clearer computation, aside from the medical records already disclosed and demand for judgment "in an amount in excess of $75,000," with respect to any of their claims for damages. If this is indeed the case, there is a far more troubling problem, as fact discovery is set to expire and such information and computation should have been obtained much earlier in these proceedings.

In short, Plaintiffs must provide additional information with respect to their claims for damages. Plaintiffs claim both special and general compensatory damages, as well as a request for punitive damages. At this juncture, simply providing medical bills is inadequate to sustain Plaintiffs' obligations under the Rules. Plaintiffs must provide Defendants with an initial estimate as to their claimed damages, and at least some analysis of how the relevant facts lead to that dollar

---

²(...continued)
disregard for the Federal Motor Carrier Safety Regulations directly and proximately causing her harms and damages resulting from the physical injuries suffered by her husband, James Stemrich's [sic] as complained of herein.

(*Id.* at Count IV.)

figure. To satisfy this requirement, Plaintiffs must disclose a computation of each category of damages using the "best information available" at the present time, and supplement that information as it becomes available.

**III.     Conclusion**

Based on the foregoing and upon consideration of the obligations Rule 26(a)(1)(A) places upon litigants, Defendants' motion to compel will be granted, to the extent that Plaintiffs will be required to provide Defendants with an adequate computation of each category of damages claimed.

Defendants request that the court extend the case management deadlines by sixty days is denied. If Defendants remain unsatisfied with Plaintiffs' disclosures, they may file a renewed motion to compel.

An appropriate order will issue.

s/Sylvia H. Rambo<br>
United States District Judge

Dated: August 13, 2013.