IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES STEMRICH and DANIELLE STEMRICH, :<br>Plaintiffs : <br>v. :<br>OLEH ZABIYAKA and T.L. TRANSPORT, LLC, :<br>Defendants : | Civil No. 1:12-CV-1409<br><br><br><br>Judge Sylvia H. Rambo |

# **M E M O R A N D U M**

In this civil action invoking the court's diversity jurisdiction, Plaintiffs have sued Defendants for injuries suffered as a result of a motor vehicle collision. Specifically, Plaintiffs allege that the driver, Defendant Zabiyaka, employed by Defendant T.L. Transport, was negligent in operating a tractor trailer, owned by Defendant T.L. Transport, causing a motor vehicle accident (Count I). Plaintiffs further allege that Defendant T.L. Transport negligently hired/retained/supervised Defendant Zabiyaka (Count II) and negligently entrusted him with its vehicles (Count III). Plaintiffs also assert a cause of action against both Defendants for loss of consortium (Count IV). Finally, Plaintiffs contend that Defendant T.L. Transport is vicariously liable for the negligence of Defendant Zabiyaka (Count I).

Before the court is Defendants' Motion for Partial Summary Judgment (Doc. 51), which seeks judgment in Defendants' favor on Plaintiffs' claim for punitive damages. For the reasons set forth below, Defendants' motion will be denied.

**I.**     **Background**

    **A.**     **Parties**

Plaintiffs, James Stemrich ("Plaintiff") and Danielle Stemrich (collectively "Plaintiffs"), husband and wife, are citizens of the Commonwealth of Pennsylvania. (Doc. 54, ¶ 1.) Defendant Oleh Zabiyaka ("Defendant Zabiyaka"), a professional truck driver, is a citizen of Michigan and is employed by Defendant T.L. Transport, LLC ("Defendant T.L. Transport"), a limited liability corporation with a registered office in Michigan. (Doc. 52, ¶¶ 2, 3.)

    **B.**     **Facts**[1]

On September 28, 2011, a tractor trailer operated by Defendant Zabiyaka collided with an automobile driven by Plaintiff in the Middle District of Pennsylvania. (Doc. 52, ¶ 4.) The collision occurred on Interstate 83 North. (Doc. 54, ¶ 4(c).) Defendant Zabiyaka was driving behind Plaintiff in the right lane when traffic came to a stop for an unknown reason. (*Id.*; Doc. 56, Ex. 1, at p. 2 of 6.) Despite his being an experienced truck driver, knowing that the roads were "wet and slick," and having no visual obstructions, Defendant Zabiyaka failed to timely stop his tractor trailer and consequently rear-ended Plaintiff's automobile. (Doc. 56, Ex. 1, at p. 1 of 6.) The force of this collision caused Plaintiff's automobile to rear-end another automobile, which in turn rear-ended yet another automobile, injuring Plaintiff in the process. (*Id.*)

---

[1] In considering the instant motion, the court relied on uncontested facts or, if facts were disputed, viewed the facts and deduced all reasonable inferences from those facts in the light most favorable to Plaintiffs as the nonmoving party. *See Doe v. C.A.R.S. Prot. Plus*, 527 F.3d 358, 362 (3d Cir. 2008) (stating that on motion for summary judgment, evidentiary materials of record must be viewed in the light most favorable to the nonmoving party).

### C. Procedural History

During discovery, Plaintiffs produced an expert report, written by Walter Guntharp ("Guntharp"). The report concluded that both Defendants had violated numerous trucking regulations and opined that Defendant Zabiyaka had operated his tractor trailer in a "reckless disregard for the safety of [Plaintiff] and everyone else on the highway." (Doc. 52, ¶ 6.) Based on Guntharp's opinion, on June 26, 2013, Plaintiffs filed a motion requesting leave to amend their complaint to include claims for punitive damages against both Defendants (Doc. 29), which the court granted on July 2, 2013. (Doc. 34.) Defendants filed their answer on July 30, 2013. (Doc. 39.)

The deadline for discovery has now passed. (Doc. 28.) On December 16, 2013, Defendants filed the instant motion for partial summary judgment (Doc. 51), a statement of material facts (Doc. 52), and a supporting brief (Doc. 53). The motion seeks judgment in favor of Defendants on Plaintiffs' claim for punitive damages. Plaintiffs filed an answer to the motion (Doc. 55), a brief in opposition (Doc. 56), and an answer to the statement of material facts on January 6, 2014 (Doc. 54). Defendants filed a reply on January 20, 2014. (Doc. 57.) Thus, Defendants' motion for partial summary judgment is ripe for disposition.

## II. Legal Standard

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate only when no genuine issue exists as to any material fact and when the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A fact is "material" if "proof of its existence or nonexistence would affect the outcome

of the lawsuit under the law applicable to the case." *Burke v. Transam Trucking, Inc.*, 605 F. Supp. 2d 647, 650 (M.D. Pa. 2009). An issue of material fact is genuine if "the evidence is such that a reasonable jury might return a verdict for the non-moving party." *Id.* When determining whether a genuine issue of material fact exists, all factual doubts and reasonable inferences are to be resolved in favor of the nonmoving party. *Id.*

The moving party has the initial burden of proving that no genuine issue of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (U.S. 1986). Once this burden has been met, the burden shifts to the nonmoving party to produce evidence proving the existence of every essential element to its case. *Id.* The nonmoving party must then "go beyond the pleadings by way of affidavits, depositions . . . or the like in order to demonstrate specific material facts which give rise to a genuine issue." *Id.* at 324. In considering a motion for summary judgment, the district court is not to engage in credibility determinations or the weighing the evidence. *Burke*, 605 F. Supp. 2d at 650. Instead, when the credibility of witnesses is at issue or when conflicting evidence must be weighed, a trial is needed. *Id.*

**III.     Discussion**

Defendants' Motion for Partial Summary Judgment challenges only Plaintiffs' claims for punitive damages. (Doc. 51, ¶ 15.) Defendants argue that summary judgment should be granted because "[t]here is no evidence of record in this action [that] suggests . . . [Defendant] Zabiyaka or [Defendant T.L.] Transport [were] reckless," and therefore no genuine issue of material fact exists concerning both Defendants' recklessness. (*Id.* at ¶ 13.) Plaintiffs oppose Defendants' motion

on the basis that "the record adequately supports a finding that Defendants' acted willfully, wantonly[,] and recklessly." (Doc. 55 ¶ 13.)

### A. Punitive Damages Claim Against Defendant Zabiyaka

In the instant case, Pennsylvania substantive law will determine whether a claim for punitive damages is supported by the record because the matter invokes the court's diversity jurisdiction and the underlying claims are based on Pennsylvania law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *accord Burke*, 605 F. Supp. 2d at 650-51.

In Pennsylvania, punitive damages may be awarded for "conduct that is outrageous, because of the defendant's evil motive or . . . reckless indifference to the rights of others." *Hutchinson v. Luddy*, 870 A.2d. 766, 770 (Pa. 2005). Because punitive damages are penal in nature, they are proper "only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton[,] or reckless conduct." *Id.* This requires that the defendant's state of mind must have been intentional, reckless, or malicious while performing the actions at issue. *See id.* Therefore, a punitive damages claim must be supported by evidence sufficient to establish that: "(1) a defendant had a subjective appreciation of harm to which the plaintiff was exposed and[;]. . (2) he acted, or failed to act…in conscious disregard of that risk." *Id.* at 772.

Defendants argue that the record contains no evidence suggesting Defendant Zabiyaka acted recklessly. (*See* Doc. 51, ¶ 13.) The court disagrees. Plaintiffs' expert produced a report providing details of the motor vehicle collision that occurred between Plaintiff and Defendant Zabiyaka. (*See* Doc. 56, Ex. 1.) The report incorporates Defendant Zabiyaka's description of the interstate, namely that

the roadway was "wet and slick" from rain. (*Id.* at p. 2 of 6.) Guntharp stated his opinion that the primary causes of the collision were Defendant Zabiyaka's speed, the "inappropriate" distance at which Defendant Zabiyaka followed Plaintiff's vehicle, and Defendant Zabiyaka's failure to maintain a proper look-out ahead of his vehicle. (*Id.* at p. 5 of 6.) Additionally, Guntharp concluded that Defendant Zabiyaka violated numerous Federal Motor Carrier Safety Regulations (FMCSRs), which are "designed to protect motorists from the negligence of truck drivers." (Doc. 53, ¶ 10.) Guntharp opined that, as a truck driver, Defendant Zabiyaka would have been aware of the FMCSRs.[2] (*See* Doc. 56, Ex. 1, at pp. 2-4 of 6.) For Defendant Zabiyaka to operate his vehicle in the manner he did would necessarily require his conscious disregard of his training.

      A jury could reasonably find that a trained truck driver with six years of experience consciously appreciated the risk of driving too close to another vehicle on slick, wet roads.[3] Defendants argue that Plaintiffs have not proved Defendant Zabiyaka's "*subjective* appreciation of the risk of harm [involved]." (Doc. 53, pp. 6-7 of 12 (emphasis added).) However, when a dispositive issue requires a determination of a party's state of mind, "a court should be reluctant to grant a motion for summary judgment" because "much depends upon the credibility of witnesses in testifying as to their own states of mind, and assessing credibility is a delicate matter best left for the fact finder." *Metzger v. Osbeck*, 841 F.2d 518, 521

---

[2] Defendant Zabiyaka had copies of the FMCSRs in his truck and was aware of their presence. (Doc. 56, Ex. 3, p. 49 of 174.)
[3] Holding that punitive damages may be appropriate against a truck driver for driving in this manner is not new. Courts in this district have previously held that an experienced driver of a tractor trailer could be found to have consciously appreciated the risk he created by driving in the manner that caused injuries to another. *See, e.g., Burke*, 605 F. Supp. 2d at 655; *Randazzo v. Grandy*, No. 3:CV-10-0154, 2010 U.S. Dist. LEXIS 42006, *15-16 (M.D. Pa. Apr. 29, 2010).

(3d Cir. 1988) (internal quotation marks omitted). Determining whether Defendant Zabiyaka subjectively appreciated the risk of harm involved and whether he consciously disregarded that risk requires an assessment of Defendant Zabiyaka's credibility, which this court will leave for the trier of fact. Therefore, because a genuine issue of material fact exists as to whether Defendant Zabiyaka consciously disregarded a risk, the court will deny Defendants' motion for partial summary judgment as it pertains to Plaintiffs' claim for punitive damages against Defendant Zabiyaka.

### B. Punitive Damages Claim Against Defendant T.L. Transport

Plaintiffs seek punitive damages against Defendant T.L. Transport on the basis of two theories: (1) that Defendant T.L. Transport is vicariously liable for Defendant Zabiyaka's negligent driving; and (2) that Defendant T.L. Transport was negligent in hiring/training/supervising Defendant Zabiyaka. (*See* Doc. 37.) The court will address each of Defendants' theories in turn.

#### i. Vicarious Liability Claim

Regarding Plaintiffs' first theory, because a jury could reasonably find that Defendant Zabiyaka acted with reckless indifference to the rights of others through the manner of his driving, Plaintiffs' claim for punitive damages against Defendant T.L. Transport must stand. It is well settled in Pennsylvania that punitive damages may be awarded on the basis of vicarious liability. *Seamans v. Tramontana*, No. 3:13-0698, 2010 U.S. Dist. LEXIS 42006, *6 (M.D. Pa. Oct. 22, 2013). An agent is not required to "commit a [tortious] act at the direction of his principal, nor must the principal ratify the act, in order for punitive damages to be imposed on him." *Id.* Therefore, the court will deny Defendants' motion for partial

summary judgment as to Plaintiffs' claim for punitive damages on the basis of vicarious liability.

### ii. Negligent Hiring/Training/Supervising Claim

Regarding Plaintiffs' second theory, Defendants argue that the record contains no evidence suggesting that Defendant T.L. Transport acted recklessly in hiring/training/supervising Defendant Zabiyaka. (Doc. 51 ¶, 13.) The court disagrees. Guntharp's report detailed that, at the time of the accident, Defendant T.L. Transport was operating in violation of numerous applicable FMCSRs. (*See* Doc. 56, Ex. 1, at pp. 3-6 of 6.) Guntharp further reported that Defendant Zabiyaka had failed to disclose on his employment application several accidents and violations in which he had previously been involved and that Defendant T.L. Transport failed to verify the information contained in Defendant Zabiyaka's employment application. (*Id.* at pp. 4-5 of 6.) Guntharp also reported that Defendant Zabiyaka routinely falsified his driving logs, which Defendant T.L. Transport failed to audit, and that "[h]ad [Defendant Zabiyaka] logged the distances and hours properly, he would have been operating in excess of the regulations that are designed to prevent the operation of a commercial vehicle by a fatigued driver." (*Id.* at p. 3 of 6.) Finally, Guntharp opined that Defendant T.L. Transport failed to follow the "industry best practices." (*Id.* at pp. 3-6 of 6.)

A jury could reasonably find that Defendant T.L. Transport consciously appreciated the risk of hiring Defendant Zabiyaka without verifying the information contained in his employment application and without auditing his driving logs, despite being required to do so by the FMCSRs. A jury could also reasonably find that Defendant T.L. Transport consciously disregarded that risk by allowing

Defendant Zabiyaka to continue driving among the general public. It is not unusual in Pennsylvania for a court to hold that punitive damages may be appropriate regarding a trucking company's negligent hiring and supervision of truck drivers. *See Burke*, 605 F. Supp. at 655-58. For example, in *Burke*, the court allowed a punitive damages claim to survive a motion for partial summary judgment when the trucking company permitted one of its drivers to continue driving despite his history of speeding, driving over hours, and log falsification. *Id.* The court reasoned that the trucking company's "subjective appreciation of the risk of harm may be evidenced by knowledge attributable to the corporation of the risk attendant when tractor trailer drivers operate in violation of the hours of service regulations, falsify logs, and continually drive over the speed limit." *Id.* at 656. The court finds the *Burke* court's reasoning applicable to and persuasive in the instant case. Therefore, a genuine issue of material fact exists regarding whether Defendant T.L. Transport subjectively appreciated the risk of harm in allowing Defendant Zabiyaka to drive among the general public, which includes Plaintiff. Accordingly, the court will deny Defendants' motion for partial summary judgment as it pertains to Plaintiffs' claim for punitive damages against Defendant T.L. Transport on the theory of the negligent hiring/training/supervising of Defendant Zabiyaka.

### IV.     Conclusion

For the foregoing reasons, the court finds that a genuine issue of material fact exists as to whether Defendants acted with reckless indifference to the rights of others. The court will therefore deny Defendants' motion for partial summary judgment regarding Plaintiffs' punitive damages claims.

An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated: February 21, 2014.