IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES STEMRICH, and<br>DANIELLE STEMRICH, his wife,<br><br>　　　Plaintiffs<br><br>　　　v.<br><br>OLEH ZABIYAKA and<br>T.L. TRANSPORT, LLC<br><br>　　　Defendants | :<br>:<br>: Civil No. 1:12-CV-1409<br>:<br>:<br>:<br>:<br>:<br>:<br>: Judge Sylvia H. Rambo<br>: |

# **M E M O R A N D U M**

Presently before the court are the parties' cross motions to bifurcate trial. (Docs. 58 & 61.) Plaintiffs argue that the trial should be bifurcated into two segments: first, the jury should consider whether Defendants are liable for the injuries alleged, whether Defendants' conduct was recklessly indifferent, and the amount of compensatory damages to be awarded; and second, the jury should consider the amount of punitive damages to award, if any. (*See* Doc. 58, ¶ 9.) Defendants argue that the trial should be trifurcated into three segments: first, the jury should consider whether Defendants are liable; second, the jury should consider the extent of Plaintiffs' injuries and the amount of compensatory damages appropriate; and finally, the jury should consider whether punitive damages are warranted. For the following reasons, the court will grant Plaintiffs' motion to bifurcate and deny Defendants' motion to bifurcate.

## I. Background

This case arises out of a motor vehicle collision that occurred on September 28, 2011, in the right lane of Interstate 83 in the Middle District of Pennsylvania. Defendant Oleh Zabiyaka, an employee of Defendant T.L. Transport, rear-ended an automobile being operated by Plaintiff James Stemrich ("Plaintiff")[1] and caused Plaintiff to suffer serious injuries.[2] Plaintiffs assert that Defendant Zabiyaka was negligent in operating his vehicle and that Defendant T.L. Transport negligently hired/retained/supervised and negligently entrusted Defendant Zabiyaka. Plaintiffs seek compensatory and punitive damages.

After discovery closed, Defendants field a motion for partial summary judgment, in which they sought judgment in their favor on Plaintiffs' claim for punitive damages. (Doc. 51.) On February 21, 2014, the court denied the motion. (Doc. 77.) On February 10, 2014, both Plaintiffs and Defendants filed the instant motions to bifurcate. (*See* Docs. 58 & 61.) The motions have been fully briefed and are ripe for disposition.[3]

---

[1] Plaintiff Danielle Stemrich was not involved in the motor vehicle collision and is not claiming physical injuries related thereto, and is a party to this action only for her loss of consortium claim. To that extent, unless otherwise noted, the court's reference to "Plaintiff" refers only to Plaintiff James Stemrich.

[2] This court has jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. § 1332, because: (1) Plaintiffs are Pennsylvania citizens, Defendant Zabiyaka is a citizen of Michigan, and Defendant T.L. Transport, a limited liability corporation, maintains a registered office in Michigan; and (2) the amount in controversy exceeds $75,000.

[3] The court finds no need for additional briefing and will accordingly deny Plaintiff's motion for leave to file a sur-reply. (Doc. 86.)

**II.**        **Legal Standard**

Under Federal Rule of Civil Procedure 42, a trial court may, in its discretion, bifurcate a trial.  The rule provides as follows:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.  When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).  The decision to bifurcate, and the manner in which bifurcation should be ordered, is left to the trial court's informed discretion and must be decided on a case by case basis.  *See Idzojtic v. Pennsylvania R.R. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1972) ("The district court is given broad discretion in reaching its decision whether to separate the issues of liability and damages.").  In exercising its discretion, the court "must weigh the various considerations of convenience, prejudice to the parties, expedition, and economy of resources." *Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984).  The moving party bears the burden of establishing that bifurcation is appropriate.  *See Innovative Office Prods., Inc. v. Spaceco, Inc.*, Civ. No. 05-cv-4037, 2006 WL 1340865, *1 (E.D. Pa. May 15, 2006).

The Third Circuit has noted that "this court has heretofore cast its lot with the views expressed by the Advisory Committee that bifurcation 'be encouraged where experience has demonstrated its worth,' but that 'separation of issues for trial is not to be routinely ordered.'" *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978).  The Third Circuit has also noted that "bifurcation is *appropriate* where litigation of one issue . . . may eliminate the need to litigate a second issue." *In re Bayside Prison Litig.*, 157 F. App'x 545, 547-48 (3d Cir. 2005) (emphasis in

original). However, bifurcation is certainly not required in circumstances where the "issues are so closely interwoven that the plaintiff would have to present the same evidence twice in separate trials." *Id*. at 548.

### III.	Discussion

Defendants request the court hold separate proceedings on liability and damages, which, at first glance, is a similar procedure to that proposed by Plaintiffs. However, a closer examination of Defendants' brief reveals that they actual request the court compartmentalize liability, compensatory damages, and punitive damages into three separate phases. (*See* Doc. 62.) Plaintiffs, on the other hand, request the court bifurcate trial into two phases, wherein the jury will first receive and consider evidence on the issues of liability, recklessness, and compensatory damages and then receive evidence on the amount of punitive damages, if any. The court concludes that bifurcation of the trial in the manner proposed by Defendants is inappropriate.

#### A.	Bifurcation of Punitive Damages from Remainder of Trial

Both Plaintiffs and Defendants recognize that the scope of the injuries Plaintiff suffered and the possibility of punitive damages could create prejudice against a wealthy company, as evidence of Defendants' net worth is relevant when presenting evidence on a claim for punitive damages but would not be relevant when presenting evidence on Plaintiffs' tort claims. The court agrees that the issue of punitive damages is not so interwoven that Plaintiffs would have to present the same evidence twice at separate trials. Moreover, a verdict in favor of Defendants on the liability issue would completely eliminate the need to litigate the punitive damages issue. However, evidence regarding Defendants' mental state, *i.e.*, whether

Defendants acted negligently or with a reckless indifference to the safety of others, is an interwoven issue with Plaintiffs' tort claims. Indeed, the jury will have to consider the same set of facts in determining whether Defendants acted with ordinary negligence or reckless indifference. Thus, whether Defendants acted with reckless indifference to Plaintiff's safety is so interwoven with liability that it would most expeditiously be presented during the phase of trial when Plaintiffs' negligence claims will be presented. Accordingly, the jury will consider whether Defendants acted with a reckless disregard to the rights of Plaintiff before receiving evidence on the extent of punitive damages.

### B. Bifurcation of Liability from Compensatory Damages

Defendants go a step further, however, and argue that presenting evidence on the issue of consequential damages arising from Plaintiff's injuries during the liability phase may prejudice the jury, insofar as it may return a verdict in favor of Plaintiffs for an improper reason, *i.e.*, sympathy. The court, Defendants argue, should therefore hold three separate proceedings to assess the consequences of the collision in which the parties were involved: having the jury first return a verdict on the issue of liability before receiving evidence on the nature and extent of Plaintiffs' injuries arising therefrom, all of which would be considered before considering punitive damages. The court finds that this procedure would create a needless waste of the court's time and resources. Every civil trial contains questions of liability and damages; indeed, an element of a negligence claim is that the plaintiff suffered actual damages. *See Schemberg v. Smicherko*, ___ A.3d ____, ____, 2014 PA Super 23, *2 (Pa. Super. Ct. Feb. 11, 2014) (citing *Mahan v. Am-Guard, Inc.*, 841 A.2d 1052, 1058-59 (Pa. Super. Ct. 2003)) ("Generally, to prevail in a

negligence case, a plaintiff must demonstrate . . . actual loss suffered by the plaintiff."). At issue in this case is the assigning of fault in a collision between an automobile and a tractor trailer. That task is not so complicated that a jury needs to consider the issue of liability in a separate proceeding before addressing compensatory damages. The court cannot conclude that the jury will be confused by the task of assigning fault for the accident and then, if appropriate, determining the extent of Plaintiff's injuries. Furthermore, the court finds that the issues of negligence and consequential damages are inextricably linked, such that a bifurcation would quite possibly create needless repetition of presentation of evidence and testimony, costing additional time and resources. Thus, bifurcating liability from consequential damages is not an economic use of judicial resources.

      The court also finds that Defendants would not be subject to undue prejudice because of the extensive damages Plaintiff claims he suffered due to Defendants' actions. Without predicting a result, the court notes that Plaintiff was involved in an automobile accident that allegedly injured him severely. Plaintiffs have evidence that Defendants' actions caused that accident. If a jury accepts Plaintiffs' arguments on liability, they could receive substantial damages. Such are the facts of the case. To accept Defendants' position that the extensive liability to which they are exposed creates prejudice and entitles them to a separate trial on liability and damages would allow every defendant facing large liability for severe injuries sustained as a result of his or her conduct to bifurcate trial into a liability and compensatory damages phase. The court does not accept Defendants' blanket position that severe injuries (or a potentially large verdict) creates unfair prejudice and the impossibility of a fair trial. Here, the court is confident that a proper

explanation of the law and adequate jury instructions will cause the jurors to decide Defendants' liability based on the facts of the case, not based on sympathy for Plaintiff's condition. Accordingly, the court will deny Defendants' motion to the extent it seeks to compartmentalize the presentation of evidence regarding liability from the presentation of evidence regarding the nature and extent of Plaintiffs' injuries.

**IV.** **Conclusion**

Based on the foregoing, the court concludes bifurcation of the amount of punitive damages from the balance of the trial is appropriate, but that the compartmentalization of evidence regarding liability and evidence regarding the nature and extent of Plaintiff's injuries are inappropriate. Accordingly, Plaintiffs' motion to bifurcate will be granted and Defendants' motion to bifurcate will be denied, and the trial will be conducted in a manner consistent with the accompanying order that will issue and be docketed separately.

       s/Sylvia H. Rambo
       SYLVIA H. RAMBO
       United States District Judge

Dated: March 10, 2014.