IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES STEMRICH, and<br>DANIELLE STEMRICH, his wife | : | CIVIL ACTION - LAW |
| Plaintiffs, | : | No.: 1:12-CV-1409 - SHR |
| v. | : | (Hon. Sylvia H. Rambo) |
| OLEH ZABIYAKA and T.L.<br>TRANSPORT, LLC | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO ALLOW TESTIMONY, EVIDENCE AND ARGUMENT OF THE TRAFFIC CITATION AND GUILTY PLEA OF DEFENDANT, ZABIYAKA

I. **BACKGROUND**

This matter arises from a motor vehicle collision that occurred on September 28, 2011 when Plaintiff, James Stemrich, was stopped in a line of traffic on Interstate 83 North. While stopped, a tractor trailed operated by Defendant, Oleh Zabiyaka, and owned by Defendant, T.L. Transport, unlawfully and violently crashed into the rear of Mr. Stemrich.

Following the collision, investigating Pennsylvania State Trooper, Trisha A. Campbell, cited Defendant Zabiyaka with violating 75 Pa.C.S.A. §3361, regarding operation of a motor vehicle at a safe speed (a/k/a driving too fast for conditions).

Per the testimony of Trooper Campbell, the citation was issued as a result of Defendant Zabiyaka's operation of his tractor trailer unit at a speed that was too

fast for the roadway conditions then and there existing on September 28, 2011. Trooper Campbell concluded that Mr. Zabiyaka caused the chain reaction collision to occur resulting in disabling damage to Mr. Stemrich's SUV and requiring a tow truck to remove the vehicle from the interstate highway. *See*, Trooper Campbell's deposition testimony at pg.36, line 21 through pg.37., line 8, attached to Plaintiff's Motion as Exhibit "A."

Defendant Zabiyaka subsequently pled guilty to violating 75 Pa.C.S.A. §3361, as confirmed by Trooper Campbell's deposition testimony and as evidenced by the Traffic Citation Docket attached to Plaintiffs' Motion as Exhibit "B."

It is anticipated that Defendants' counsel will object to the evidence, testimony and argument concerning the issuance of the traffic citation and subsequent guilty plea based upon misapprehension of the law governing the admissibility of such evidence in Federal Court. Plaintiffs respectfully move for an *in limine* ruling on this issue so as to assure the most efficient and seamless presentation of evidence at the time of trial.

II. ISSUES

A. WHETHER THIS HONORABLE COURT SHOULD ALLOW EVIDENCE, TESTIMONY AND ARGUMENT AS TO THE ISSUANCE OF THE TRAFFIC CITATION AND SUBSEQUENT GUILTY PLEA OF DEFENDANT ZABIYAKA?

*Suggested Answer: Respectfully, In the Affirmative*

B. WHETHER THIS HONORABLE COURT SHOULD FIND DEFENDANTS, OLEH ZABIYAKA AND T.L. TRANSPORT, LLC, NEGLIGENT AS A MATTER OF LAW AS A RESULT OF ZABIYAKA'S GUILTY PLEA TO THE TRAFFIC CITATION, THEREBY ADMITTING A VIOLATION OF THE PENNSYLVANIA MOTOR VEHICLE CODE?

*Suggested Answer: Respectfully, In the Affirmative*

III. ARGUMENT

A. Admissibility of Citation and Guilty Plea

Defendant Zabiyaka's guilty plea to violating 75 Pa.C.S.A. §3361 is fully admissible in Federal Court. Rain v. Pavkov, 357 F.2d 506 (3d. Cir. 1966). In Rain, the Third Circuit held that the Pennsylvania statute providing that guilty pleas to summary traffic offenses are not admissible is **not controlling in Federal Court**. Id. at p.509 (emphasis added). The Court held that it is reversible error for the trial court to preclude evidence of the Defendant's guilty plea to violating the Pennsylvania Motor Vehicle Code in conjunction with a civil action for injury damages. The Court further held that the guilty plea was an admission against

interest, which is admissible in an action for personal injuries based upon the facts and circumstances from which the charges had arisen.

Jurists of this District Court have cited to and followed Rain in recent memorandum opinions allowing evidence of guilty pleas to violations of the Pennsylvania Motor Vehicle Code in Kansky v. Showman, 2011 U.S. Dist. LEXIS 38814 (M.D. Pa. Apr. 11, 2011); Allen v. Fletcher, 2009 U.S. Dist. LEXIS 88069 (M.D. Pa. Sept. 24, 2009); Grosek v. Panther Transp. Inc., 2009 U.S Dist. LEXIS 27372 (M.D. Pa. Apr. 1, 2009).

### B.  Negligence as a Matter of Law

We respectfully submit that not only is Defendant Zabiyaka's guilty plea fully admissible at the time of trial, but also, Pennsylvania law recognizes that when a driver acknowledges a violation of the Pennsylvania Motor Vehicle Statute, then that driver is negligent as a matter of law. "The law in Pennsylvania is that violation of a statute is negligence per se." Garcia v. Bang, 544 A.2d 509 (Pa. Super. 1988), appeal denied by 520 Pa. 617, 554 A.2d 509 (Pa. 1989). In Garcia, the Court explained, "The violation of a legislative enactment by doing a prohibited act ... makes the actor liable for an invasion of an interest of another." Id. at 510. The Garcia Court held that where the driver was found to have violated Section 3307 of the Vehicle Code regarding passing by crossing the double yellow

lines and injuring the Plaintiff in a motor vehicle crash, "this was negligence per se." Id. The Court therefore held that the jury verdict finding that the defendant was not negligent could not stand. Id. at 511.

In the instant case, since Defendant Zabiyaka has already admitted, by virtue of his guilty plea, to a violation of 75 Pa. C.S. §3361, Defendant Zabiyaka must be found to be negligent per se. In other words, in light of Defendant Zabiyaka's admission of violating the Pennsylvania Motor Vehicle Code, that issue need not be decided by the jury. Once a Defendant is negligent per se, the jury is not free to find that the Defendant was not negligent. Garcia, *supra*.

It is an undisputed fact that Defendant Zabiyaka permissibly operated the subject tractor trailer unit in his employment capacity with Defendant, T.L. Transport at the time of the collision (*Statement of Undisputed Facts*, Doc. #143, ¶¶ 2-3). As such, under Pennsylvania law, Defendant T.L. Transport, is fully responsible and vicariously liable for any negligence of Defendant Zabiyaka under the doctrine of *respondeat superior*. Brezenski v. World Truck Transfer, Inc., 755 A.2d 36, 39 (Pa. Super. 2000)("An employer is vicariously liable for the wrongful acts of an employee if that act was committed during the course of and within the scope of employment.").

Thus, the admitted negligence per se of Defendant Zabiyaka, by virtue of

his guilty plea to a violation of the Pennsylvania Motor Vehicle Code, is binding on Defendant, T.L. Transport.  As such, Plaintiffs respectfully submit that Defendant Zabiyaka's citation and guilty plea are fully admissible against Defendant Zabiyaka **and** Defendant T.L. Transport.  Further, by operation of law, Defendants Zabiyaka and T.L. Transport are both negligent as a matter of law for Zabiyaka's violation of 75 Pa.C.S. §3361.

Accordingly, Plaintiffs respectfully request that this Honorable Court permit evidence, testimony and argument as to the issuance of a traffic citation to Oleh Zabiyaka as a consequence of his tractor trailer operations on September 28, 2011, his subsequent guilty plea, and further find that as a result thereof, Defendants Zabiyaka and T.L. Transport are negligent as a matter of law.

Respectfully submitted,

**/s/ Michael A. O'Donnell**
**NEIL T. O'DONNELL, ESQUIRE**
PA BAR I.D. #50309
**MICHAEL A. O'DONNELL, ESQUIRE**
PA BAR I.D. #306878
O'Donnell Law Offices
267 Wyoming Ave.
Kingston, PA  18704
Phone: 570-821-5717; Fax: 570-821-5799
E-mail:    ntod@odonnell-law.com
           michael@odonnell-law.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES STEMRICH, and** | : | **CIVIL ACTION - LAW** |
| **DANIELLE STEMRICH, his wife** | : | |
| | : | |
| Plaintiffs, | : | **No.: 1:12-CV-1409 - SHR** |
| v. | : | **(Hon. Sylvia H. Rambo)** |
| | : | |
| **OLEH ZABIYAKA and T.L.** | : | |
| **TRANSPORT, LLC** | : | **ELECTRONICALLY FILED** |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I, **Michael A. O'Donnell,** hereby certify and affirm that I served a true and correct copy of the foregoing **Brief in Support of Plaintiffs' Motion in Limine to Allow Testimony, Evidence and Argument of Traffic Citation and Guilty Plea of Defendant Zabiyaka,** on this 16th day of September, 2014, via the electronic filing case management system and U.S. First Class mail, upon the following:

Peter M. Good, Esquire
Thomas S. Lee, Esquire
Caldwell & Kearns
3631 North Front Street
Harrisburg, PA 17110
pgood@cklegal.net
tlee@cklegal.net

/s/ Michael A. O'Donnell
MICHAEL A. O'DONNELL, ESQ.